# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **ALFREDO ORTIZ,** § | | |
| **TDCJ # 1319666,** § | | |
| § | | |
| Petitioner § | | |
| § | | |
| v. § | | Civil Action |
| § | | No. SA-10-CA-205-XR (NN) |
| **RICK THALER,** § | | |
| **Texas Department of Criminal Justice** § | | |
| **Correctional Institutions Division Director,** § | | |
| § | | |
| Respondent § | | |

## SHOW CAUSE ORDER

Before the Court is Alfredo Ortiz's 28 U.S.C. § 2254 habeas corpus petition. A habeas corpus petition may not proceed until the petitioner has paid the $5.00 filing fee or the petitioner is granted leave to proceed in forma pauperis (IFP). Petitioner's petition is not accompanied by the filing fee or an IFP application. **Petitioner shall pay the filing fee or submit an application to proceed IFP (which must be accompanied by a current TDCJ institutional trust fund account statement for the previous six months) within twenty (20) days.** An IFP application form and a trust fund account statement are available from Petitioner's TDCJ unit law librarian. If Petitioner fails to comply, his Petition will be dismissed for failure to prosecute and for failure to comply with the orders of this Court. *See* Fed. R. Civ. P. 41(b).

Petitioner challenges his confinement pursuant to a conviction for aggravated assault, for which he received a forty-year sentence in cause no. 2004CR4015A in the 186th District Court of Bexar County, Texas.

Petitioner contends he received ineffective assistance of trial counsel because counsel did not request a curative instruction after a prejudicial statement was made at trial; counsel did not request a defense instruction on a gun residue test; counsel did not subpoena the owner of the gun to testify

as to whom the gun was given; counsel did not object to the indictment and jury charge, which were based on invalid theories of assault; counsel did not object to the jury charge's erroneous mixing of the elements of aggravated assault; and counsel did not object the jury charge where it erroneously allowed a general verdict for aggravated assault and a lesser included offense of deadly conduct, which placed Petitioner in double jeopardy. Petitioner asserts he received ineffective assistance of appellate counsel because counsel did not raise on appeal jury charge errors and ineffective assistance of trial counsel. Petitioner maintains the State's burden of proof was lessened at trial because of the erroneous jury charge. Petitioner argues that the failure to give a curative instruction ,when evidence of an extraneous offense was introduced, harmed Petitioner in the consideration of Petitioner's mens rea, the nature of his conduct and the result of conduct. Petitioner claims his sentence is illegal and void, because it exceeds the maximum statutory range of punishment.

The Petition should be dismissed as untimely. This Court may raise the issue of limitations *sua sponte*, provided Petitioner is given the opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Kiser v. Johnson*, 163 F. 3d 326, 328-29 (5th Cir. 1999)

Title 28 U.S.C. § 2244 states in relevant part:

(d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner asserts he did not know the basis of his claims until he received a copy of the jury charge, which he requested in May 2007. However, Petitioner, though due diligence, could have discovered what was in the jury charge when it was read to the jury at trial. Therefore, based on Petitioner's grounds for relief, § 2244(d)(1)(A) applies.

Public records show the following. Petitioner was sentenced in cause number 2004CR4015A on July 18, 2005. The judgment was affirmed on appeal on June 14, 2006. *Ortiz v. State*, No. 04-05-611-CR (Tex. App. — San Antonio). Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals.

The judgment became final when the time for filing a petition for discretionary review expired, which was thirty days after June 14, 2006. Tex. R. App. P. 68.2(a). The last day on which to file a petition for discretionary review was July 14, 2006, and the judgment became final thereafter. Petitioner states his conviction was affirmed August 24, 2006. However, that is the date mandate issued, and finality for purposes of § 2244(d)(1)(A) is not determined by the mandate date; it is determined here by the expiration of time for seeking further review by a petition for discretionary review. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). The last day for seeking further review was July 14, 2006, and the judgment then became final. Therefore, the last day on which Petitioner could have timely filed a § 2254 habeas corpus petition was July 14, 2007, unless Petitioner had a properly filed application for State post-conviction or other collateral review to toll the running of the limitations period. 28 U.S.C. § 2244(d)(2); *see Fields v. Johnson*, 159 F.3d 914, 916 (5th Cir. 1998).

Public records show Petitioner filed a habeas corpus application on December 13, 2006. Writ No. 66,879-02 (Tex. Crim. App.). Petitioner states it was denied on February 2, 2007, but public records show it was denied on February 28, 2007. Thus, the limitations period was tolled for 78 days,

including both December 13, 2006, and February 28, 2007. The new due date for the § 2254 petition was September 30, 2007. However, Petitioner filed a second state habeas corpus application on July 5, 2007, and it was dismissed as successive on September 12, 2007. Writ No. 66,879-03 (Tex. Crim. App.). The limitations period was tolled for an additional 70 days, including both July 5, 2007, and September 12, 2007, making Petitioners § 2254 petition due on December 9, 2007. Because that was a Sunday, the petition was then due on December 10, 2007.

Petitioner states he executed his § 2254 Petition on March 10, 2010. Taking that as the filing date, *see Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) ("a pro se prisoner's habeas petition is filed, for purposes of determining the applicability of the AEDPA, when he delivers the papers to prison authorities for mailing"), Petitioner's federal petition was not filed within the one-year limitations period which ended on December 10, 2007.

Even if Petitioner's limitations period did not begin until he obtained the jury charge in 2007, his § 2254 petition is still untimely. Petitioner's last state habeas corpus application was dismissed on September 12, 2007, and more than one year elapsed before he filed his § 2254 petition. Thus, the petition still would be untimely.

The one-year limitations period can be equitably tolled in rare and exceptional circumstances. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). Equitable tolling applies where the respondent actively misled the petitioner about the case, or where something extraordinary prevented petitioner from asserting his rights. *Phillips v. Donnelly*, 216 F.3d 508, 510-511 (5th Cir. 2000); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000); *Molo v. Johnson*, 207 F.3d 773 (5th Cir. 2000).

A petitioner's *pro se* status, lack of legal training, or ignorance of the law do not justify equitable tolling. *Felder v. Johnson*, 204 F.3d at 171-72. A claim of innocence and a claim that the conviction was a miscarriage of justice are not bases for equitable tolling. The "miscarriage of justice"

exception applies to State procedural defaults, *see Murray v. Carrier*, 477 U.S. 478, 496 (1986), but it is not an exception to the statute of limitations in this Circuit. *See Fierro v. Cockrell*, 294 F. 3d 674, 683 n.17 (5th Cir. 2002). A claim of actual innocence does not excuse a late petition and does not warrant equitable tolling of the limitations period. *Cousins v. Lensing*, 310 F. 3d 843, 849 (5th Cir. 2002). "[A] petitioner's claims of actual innocence are [not] relevant to the timeliness of his petition." *United States v. Riggs*, 314 F.3d 796, 800 (5th Cir. 2002) (quoting *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (brackets in *Riggs*)).

Petitioner states he was incorrectly told after his conviction was affirmed by the appellate court that the next step in his case was to file a state habeas corpus application, rather than a petition for discretionary review. However, that would not have caused his § 2254 petition to be untimely.

Petitioner does not explain why the limitations period should be equitably tolled, and the record does not show any apparent reasons for doing so.

**Petitioner is directed to show cause within twenty-one (21) days why his federal Petition should not be dismissed as barred by the statute of limitations**. If Petitioner fails to respond to this Order, his Petition may also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**It is so ORDERED.**

**SIGNED** on March 23, 2010.

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE